IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARROD D. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV299 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DR. H. DEOL, Deputy Director of Medical, Official capacity, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pursuant to the court's previous Memorandum and Order on initial review (Filing No. 10), Plaintiff has filed a Supplemental Complaint (Filing No. 12) that complies with the court's order to allege facts which clarify "whether he is currently being given his medication at TSCI; whether he has a serious, current, and ongoing medical need within the meaning of the Eighth Amendment that requires overactive-bladder medication; if Plaintiff has such a serious medical need, whether Dr. Deol knows about it; and whether Dr. Deol is deliberately disregarding that need by failing to order that Plaintiff be given his prescribed overactive-bladder medication." (Filing No. 10 at CM/ECF p. 10.)

Accordingly, Plaintiff's 42 U.S.C. § 1983 Eighth and Fourteenth Amendment claim for prospective injunctive relief against Defendant Dr. Deol alleging that Dr. Deol, in his official capacity, is subjecting Plaintiff to cruel and unusual punishment by being deliberately indifferent to his serious medical need for certain prescription medication may proceed to service of process.[1]

---

[1] Although the court finds that Plaintiff's claims may proceed against Dr. Deol in his official capacity, the court cautions him that this is only a preliminary determination based on the allegations of the Complaint and Supplemental Complaint and is not a determination of the merits of his claim or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's 42 U.S.C. § 1983 Eighth and Fourteenth Amendment claim for prospective injunctive relief against Defendant Dr. Deol in his official capacity may proceed to service of process.

2.  For service of process on Defendant Dr. Deol in his **official** capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for such defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint with its attachment (Filing Nos. 1 & 2), the Supplemental Complaint (Filing No. 12), this court's previous Memorandum and Order on initial review (Filing No. 10), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Dr. Deol at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).[2]

3.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[2]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

4. [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. The clerk of the court is directed to set the following pro se case management deadline: April 13, 2018: check for completion of service of process.

DATED this 13th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge